

1901 L Street, NW
Washington, DC 20036
T +1 202 282 5000
F +1 202 282 5100

**ABBE DAVID LOWELL**
Partner
202-282-5875
ADLowell@winston.com

North America   Europe   Asia

March 28, 2022

**VIA ECF**
Honorable Brian M. Cogan
United States District Court for the
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>*United States v. Al Malik Alshahhi, et. al.*, No. 1:21-cr-00371 (BMC)</u>

Dear Judge Cogan:

      All parties in this case have cited *United States v. Rafiekian*, 991 F.3d 529 (4th Cir. 2021), as one of the few recent cases to explore Section 951 in any depth. We bring to the Court's attention a new order in the case. After the Fourth Circuit reversed the trial court's order of acquittal, the district judge issued an extensive 51-page order on Friday (March 25) ordering a new trial. *United States v. Rafiekian*, 1:18-cr-457-AJT-1, Dkt. 412 (E.D. Va. Mar. 25, 2022) (Ex. A). The Order emphasizes (as Mr. Grimes' Motion to Dismiss and Reply do (*see* Dkt. 71 at 4, 40 and Dkt. 84 at 3, n.1)) that Section 951's definition of "agent" "envisions a mutual agreement to operate subject to foreign direction or control," which could include an "employer-employee relationship" or an independent contractor "so long as he contracts to act on account of the principal"—acting "in parallel with a foreign government's interest or pursu[it] [of] a mutual goal" is not enough. (Ex. A at 8 (cleaned-up).) An agent must agree to be "subject to the *direction or control* of that government," and the government's view that Section 951 is akin to FARA in allowing someone to become an agent whenever they are "willing to do something the foreign principal requests" was rejected. (*Id.* (cleaned up, emphasis in original).)

      The Order is significant because it rests on a failure of proof of facts that the government has not even alleged against Mr. Grimes. In addition, that which the government does allege against Mr. Grimes is less than what the Order finds insufficient against Rafiekian. The government's theory in *Rafiekian* was that Rafiekian should have known that the Turkish businessman who hired him to supposedly restore confidence in Turkey's trade and investment climate was a façade because he was working to persuade the US to extradite an outspoken dissident critical of the Turkish government, and the same Turkish businessman had previously approached him about being retained by the Turkish government on a national security issue, which the government claims Rafiekian was really doing. By contrast, Mr. Grimes was hired by an American company, reported to his American boss, and did what he was told in order to foster a positive investment relationship with a potential company client, the United Arab Emirates. His contacts with the UAE were even more attenuated than Rafiekian's as Mr. Grimes had no contractual relationship with the UAE, was not paid by the UAE, and was in no way under the UAE's control. The person he communicated with on occasion (Rashid Al Malik Alshahhi) was someone who worked for the same



employer as Mr. Grimes and was even less than the type of "wannabe emissary" the Order indicates was insufficient in that case. (Ex. A at 19.) As with Rafiekian, there are no "statements or suggestions" to or by Mr. Grimes that he "would be acting subject to the direction or control of the [UAE], that any such direction was needed or expected or that directions would, in fact, be forthcoming from [the UAE]." (Ex. A at 20.) And Mr. Grimes is alleged to have been in fewer meetings or conversations and had less of a role than did Rafiekian. These conclusions are apparent on the face of the indictment and do not require any trial to support the pending motions to dismiss.

Respectfully submitted,

/s/ *Abbe David Lowell*

| | |
|---|---|
| Abbe David Lowell | Sofia Arguello |
| Christopher D. Man | Johanna Rae Hudgens |
| Andrew E. Tauber | WINSTON & STRAWN LLP |
| WINSTON & STRAWN LLP | 200 Park Avenue |
| 1901 L Street, NW | New York, NY 10166 |
| Washington, DC 20036 | SArguello@winston.com |
| ADLowell@winston.com | 212-294-6700 (ph) |
| 202-282-5000 (ph) | 212-294-4700 (fax) |
| 202-282-5100 (fax) | |

*Counsel for Defendant Matthew Grimes*

cc: All counsel of record (via ECF)