IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00371(BMC)(TAM) |
| | ) | Hon. Brian M. Cogan |
| MATTHEW GRIMES | ) | |

**MR. GRIMES' MOTION FOR RECONSIDERATION OF HIS MOTION TO DISMISS THE INDICTMENT FOR FAILURE TO CHARGE CRIMINAL INTENT PURSUANT TO *RUAN V. UNITED STATES* (U.S. JUNE 27, 2022)**

Abbe David Lowell
Christopher D. Man
Andrew E. Tauber
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20036
ADLowell@winston.com
202-282-5000 (ph)
202-282-5100 (fax)

Sofia Arguello
Johanna Hudgens
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
SArguello@winston.com
212-294-6700 (ph)
212-294-4700 (fax)

*Counsel for Defendant Matthew Grimes*

Based on yesterday's Supreme Court decision in *Ruan v. United States*, No. 20-1410, slip op. at 5 (U.S. June 27, 2022) (Ex. A), which clarified that federal courts should construe criminal statutes to require proof of "consciousness of wrongdoing," Mr. Grimes respectfully moves for reconsideration of his motion to dismiss the Superseding Indictment for failure to allege that he knew that he was under a duty to register as an agent of the UAE under 18 U.S.C. § 951. In his original Motion, Mr. Grimes argued that "Section 951 must be interpreted as containing a specific-intent requirement" and that the Indictment must be dismissed "because the indictment does not allege that Mr. Grimes knew that he was required to register as 'an agent of a foreign government.'" (Dkt. 71 at 13.) The Court's June 22, 2022 Order noted that "Section 951 is silent on scienter," that decisions from the Seventh and Eleventh Circuits had found that Section 951 is "a general intent crime for which knowledge of the notification requirement is not required," but that Mr. Grimes had raised a question as to whether those cases were correctly decided under the Supreme Court's subsequent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Dkt. 120 at 17.) Ultimately, the Court applied *Rehaif* and found that "although knowledge of one's status [as an agent of a foreign government] is necessary, it is not necessary to know that there is a law regulating certain conduct for those with that status," and concluded that the government met its pleading burden by alleging "that defendants 'knowingly and intentionally act[ed]' as agents." (*Id.* at 18) (alteration in original).

Yesterday though, the Supreme Court's decision in *Ruan* made clear that the presumption of criminal intent must go to the defendant's consciousness of wrongdoing and not just status. In explaining how to construe a criminal statute, the Supreme Court explained:

> First, as a general matter, our criminal law seeks to punish the "'vicious will.'" *Morissette v. United States*, 342 U.S. 246, 251 (1952); *see also id.,* at 250, n. 4 (quoting F. Sayre, Cases on Criminal Law, p. xxxvi (R. Pound ed. 1927)). With few exceptions, "'wrongdoing must be conscious to be criminal.'" *Elonis v. United States*, 575 U.S. 723,

1

734 (2015) (quoting *Morissette*, 342 U.S. at 252). Indeed, we have said that consciousness of wrongdoing is a principle "as universal and persistent in mature systems of [criminal] law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil." *Id.* at 250.

Consequently, when we interpret criminal statutes, we normally "start from a longstanding presumption, traceable to the common law, that Congress intends to require a defendant to possess a culpable mental state." *Rehaif v. United States*, 588 U.S. ___, ___ (2019) (slip op., at 3). We have referred to this culpable mental state as "scienter," which means the degree of knowledge necessary to make a person criminally responsible for his or her acts. *See ibid.*; Black's Law Dictionary 1613 (11th ed. 2019); *Morissette*, 342 U.S. at 250–52.

Applying the presumption of scienter, we have read into criminal statutes that are "*silent* on the required mental state"—meaning statutes that contain no *mens rea* provision whatsoever—"'that *mens rea* which is necessary to separate wrongful conduct from "otherwise innocent conduct."'" *Elonis*, 575 U.S. at 736 (quoting *Carter v. United States*, 530 U.S. 255, 269 (2000); emphasis added). Unsurprisingly, given the meaning of scienter, the *mens rea* we have read into such statutes is often that of knowledge or intent. *See, e.g., Staples v. United States*, 511 U.S. 600, 619 (1994); *United States v. United States Gypsum Co.*, 438 U.S. 422, 444–46 (1978).

Slip op. at 5–6.

*Ruan* is dispositive for three reasons. First, it demonstrated that the courts that have rejected a specific intent requirement for Section 951 reached that result by applying the exact *opposite* of the presumption of criminal intent required by the Supreme Court. The Eleventh Circuit defended its rationale, proclaiming: "The language of the statute is silent about mens rea . . . . The silence of the statute is dispositive: 'Where no specific intent element is apparent on the face of the statute, the crime is one of general intent.'" *Id.* (quoting prior circuit law). *United States v. Campa*, 529 F.3d 980, 999 (11th Cir. 2008). Later, in *United States v. Duran*, 596 F.3d 1283 (11th Cir. 2010), the Eleventh Circuit repeated this exact same error. *Id*. at 1291 ("The silence of § 951 as to a specific intent element is dispositive of the fact that Congress intended it to be one of general intent.").[1] *Ruan*, however, explicitly explains that the Court should do the

---

[1] The Court's citation to the Seventh Circuit's decision in *United States v. Dumeisi*, 424 F.3d 566, 561 (7th Cir. 2005), which did state in one conclusory sentence that "[k]nowledge of the requirement to register is not an element of § 951" is not particularly forceful. *Dumeisi* offered no

2

opposite—in the face of statutory silence, the Court should presume intent is required to separate innocent from wrongful conduct. *Ruan*, slip op. at 5 ("Applying the presumption of scienter, we have read into criminal statutes that are 'silent on the required mental state'—meaning statutes that contain no *mens rea* provision whatsoever—'that *mens rea* which is necessary to separate wrongful conduct from "otherwise innocent conduct."'") (citations in block quote above).

Consequently, specific intent should be read into Section 951 in the face of legislative silence, and this Court has not gone far enough. Requiring someone in Mr. Grimes' position to know they are an "agent" of the UAE alone, without knowledge of the requirement to register, is insufficient to allow him to distinguish wrongful from innocent conduct. *Ruan* requires more and the government can hardly complain about having to follow the ordinary rule of proving that someone knows he is breaking the law (here registration) to obtain a felony a conviction.

Second, *Ruan* emphasized the importance of consciousness of wrongdoing where the crime is not "inherently illegitimate," which is surely the case with Section 951. Slip op. at 6. *Ruan* involved 18 U.S.C. § 841, which provides: "Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally to … dispense … a controlled substance." Although this "knowingly or intentionally" language grammatically modifies only someone's status as a dispenser of a controlled substance, the Supreme Court applied that intent requirement to knowing whether dispensing the controlled substance was illegal. The Supreme Court explained that dispensing controlled substances was not "inherently illegitimate," as the defendants are doctors who should dispense the drugs in appropriate circumstances, so "authorization plays a

---

analysis to support these *dicta* because the defendant "did not make this argument at trial, and the instruction given by the district court [was given] without objection." 424 F.3d at 581. In any event, as shown here, *Ruan* proves that *Dumeisi* and the Eleventh Circuit cases cited by this Court were wrongly decided.

3

'crucial' role in separating innocent conduct—and, in the case of doctors, socially beneficial conduct—from wrongful conduct." Slip op. at 6 (quoting *United States v. X-Citement Video, Inc.*, 513 U. S. 64, 73 (1994)).

The same is even more true with respect to Section 951. This Court has found knowledge of one's status as an "agent" is required by Section 951, just the same way Section 841 on its face requires knowledge of one's status of dispensing drugs. The Supreme Court went further and imposed a specific intent requirement on Section 841 that was not supported by the grammar of the statute, for the same reason this Court should apply such a requirement resulting from the silence in Section 951. Neither statute involves inherently wrongful activity, so knowledge of illegality is "crucial" to separate innocent from wrongful conduct.

If anything, *Ruan* would be the more difficult case for applying the presumption. Everyone knows that, other than a doctor or pharmacist, dispensing narcotics is illegal, and society is well aware of the fact that it confronts a massive problem with illegal drugs. By contrast, Section 951 does not prevent anyone from doing anything, provided they just provide (what is a simple) notice to the Attorney General, and Section 951 applies to America's friends and foes alike. Thus, innocent gestures such as responding to the requests ("direction") of a Ukrainian government official to raise humanitarian funds in this country, provide assistance to its refugees, or to spread its plea for support, and even routine friendly gestures to foster goodwill between the United States and other countries, or to praise US foreign policy, could trigger a registration requirement under Section 951. Separating this type of innocent conduct from criminal wrongdoing by requiring specific intent is what the *Ruan* decision requires.

Mr. Grimes had no reason to believe that helping Mr. Barrack with speeches, articles, trips or meetings that would be favorable to both the UAE and the United States, and certainly their

4

company, would require registration under Section 951. Until this lawsuit, few lawyers (including those who practice under the Foreign Agents Registration Act) even knew this statute existed. This Court should not allow Section 951 to become a *felony* trap for the unwary.

Third, *Ruan* explained that the "few exceptions" from this principle involve far different situations than Section 951, because it is not "a regulatory or public welfare offense that carries only minor penalties," and the issue here does not involve a "jurisdictional provision." Slip op. at 5, 7. Section 951 is not within the regulatory or public-welfare offense exception,[2] and a conviction can result in imprisonment for a decade. 18 U.S.C. § 951. *Ruan* explained: "Such severe penalties counsel in favor of a strong scienter requirement." *Id.* at 7 (citing *Staples*, 511 U.S. at 618–19, a case that involved the same possible 10-year sentence as Section 951).

The framework for evaluating the intent requirement of criminal statutes, including Section 951, has changed with *Ruan*, so this Court should revisit Mr. Grimes' motion to dismiss. With the benefit of this most recent guidance from the Supreme Court, the Court should find that this Superseding Indictment is deficient because it fails to allege that Mr. Grimes knew that his alleged conduct was illegal.

---

[2] This exception is limited to regulation of the handling of dangerous substances. *See, e.g.*, *Staples*, 511 U.S. at 608 (exception applies to statutes that "regulate potentially harmful or injurious items"); *United States v. Int'l Minerals & Chem. Corp.*, 402 U.S. 558, 564–65 (1971) (regulating "dangerous or deleterious devices or products or obnoxious waste materials"). In those "limited circumstances," the Supreme Court has explained that "as long as a defendant knows that he is dealing with a dangerous device of a character that places him 'in responsible relation to a public danger,' he should be alerted to the probability of strict regulation, and we have assumed that in such cases Congress intended to place the burden on the defendant to 'ascertain at his peril whether [his conduct] comes within the inhibition of the statute.'" *Staples*, 511 U.S. at 608 (internal citations omitted). Section 951 does not involve the handling of dangerous substances and, in fact, may involve efforts that are harmless, such as actions by friendly foreign governments to benefit the United States.

## CONCLUSION

The Court should dismiss the Superseding Indictment for failure to allege that Mr. Grimes committed an act that he knew was a crime.

Dated: June 28, 2022

Respectfully submitted,

/s/ *Abbe David Lowell*
Abbe David Lowell
Christopher D. Man
Andrew E. Tauber
WINSTON & STRAWN LLP
1901 L Street, NW
Washington, DC 20036
ADLowell@winston.com
202-282-5000 (ph)
202-282-5100 (fax)

Sofia Arguello
Johanna Hudgens
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
SArguello@winston.com
212-294-6700 (ph)
212-294-4700 (fax)

*Counsel for Defendant Matthew Grimes*

**CERTIFICATE OF SERVICE**

I certify that on June 28, 2022, a copy of the foregoing was filed with the Court's electronic case filing system, thereby effecting service on counsel for all parties.

/s/ *Abbe David Lowell*
Abbe David Lowell
