

*U.S. Department of Justice*

*United States Attorney
Eastern District of New York*

RCH/SPN/HDM/CRH
F. #2018R01309

*271 Cadman Plaza East
Brooklyn, New York 11201*

August 5, 2022

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Rashid Sultan Rashid Al Malik Alshahhi, et al.
           Criminal Docket No. 21-371 (S-1) (BMC)

Dear Judge Cogan:

      The government respectfully writes in opposition to the applications by both defendants in the above-captioned matter to remove the condition of pre-trial release requiring electronic monitoring by Pretrial Services. See Dkt. Nos. 137, 142. Because the defendants have failed to identify any material change in circumstances warranting reconsideration of the prior determinations of Magistrate Judge Bulsara and Your Honor regarding the conditions necessary to reasonably assure the defendants' appearance at trial, the Court should deny the applications. See 18 U.S.C. § 3142(f). Indeed, the government respectfully submits that the risk of flight recognized by the Court at the outset of the case has only grown more acute as trial approaches.

      I.    Background

      On July 20, 2021, the defendants were arrested in the Central District of California. On July 23, 2021, both defendants were released, upon consent of the government, on secured bonds – Mr. Barrack on a $250 million bond secured by $5 million in cash and properties owned by three sureties and Mr. Grimes on a $5 million bond secured by three sureties and by real property owned by his parents. See United States v. Barrack, 21 MJ 3402 (C.D. Ca.), Dkt. No. 23; United States v. Grimes, 21 MJ 3395 (C.D. Ca.), Dkt. No. 13. Both defendants were subjected to the following additional conditions of release: (i) submission to Pretrial Services supervision; (ii) surrender of all passports and travel documents; (iii) travel restricted to travel by road or common air carrier; (iv) travel restricted to the Central District of California, the Eastern District of New York, and the Southern District of New York; (v) electronic location monitoring with a bracelet; and (vi) restrictions on financial transactions.

      On July 26, 2021, the defendants appeared in the Eastern District of New York before Magistrate Judge Bulsara for their arraignment on the indictment. At the arraignment, Magistrate Judge Bulsara, on consent of the parties, entered an order setting conditions of release

that were substantially the same as those entered in the Central District of California on July 23, 2021.[1] At that proceeding, the government noted that "the Court in the Central District [of California] imposed GPS monitoring with respect to both defendants including an ankle bracelet for each individual and the parties are recommending that that condition be continued." Transcript dated July 26, 2021 at 11:1-5. Before entering the Bond Order, Magistrate Judge Bulsara asked a series of questions of the parties and spoke with the proposed sureties, noting his "independent obligation to determine whether or not the conditions are sufficient to mitigate against the risk of flight here." Id. at 13:4-6.

On October 27, 2021, Mr. Grimes moved to remove the condition subjecting him to electronic monitoring, which the government opposed. See Dkt. Nos. 53, 56. On November 2, 2021, the Court held a contested hearing on the application by Mr. Grimes to remove the condition subjecting him to electronic monitoring via bracelet and thereafter denied the application. See Minute Entry dated Nov. 2, 2021.

II. Legal Standard

Title 18, United States Code, Section 3142(f) provides that "a judicial officer shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community" upon motion of the government. Following such a judicial determination, Section 3142(f) provides that the hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonable assure the appearance of such person as required and the safety of any other person and the community."

Applying Section 3142(f), courts have found that "the authorization to amend a release order in Section 3142(c) is based on the possibility that a changed situation or new information may warrant altered release conditions."[2] United States v. Dzhamgarova, 21 CR 58, 2021 WL 3113036, at *1 (S.D.N.Y. July 21, 2021). "Accordingly, conditions of bail should properly be modified if a substantial change in circumstances as they existed at the time bail was fixed is clearly shown." Id.

As a result, courts regularly deny applications to modify conditions of bond where a defendant has failed to identify a material change in circumstances warranting judicial reconsideration. See Dzhamgarova, 2021 WL 3113036, at *2 ("There is no compelling reason to revisit the Court's earlier ruling. It bears emphasizing at the outset that [the defendant] agreed to his conditions of release. . . . The conditions [the defendant] now seeks to modify were determined

---

[1] At that time, Mr. Barrack's bond was additionally secured by 21,239,192 DigitalBridge Operating Company, LLC Units.

[2] In his motion to modify his conditions of release, Mr. Barrack cites to the Court's authority under Section 3142(c) to amend an order of release but fails to note that any amendment should be based on a "substantial change in circumstances." Dzhamgarova, 2021 WL 3113036, at *1.

to be the least restrictive conditions that would reasonably assure his appearance and the safety of the public. [The defendant] has not identified any change in circumstances from the time the conditions of release were imposed. There is no basis therefore to find that the requested modification would still reasonably assure [the defendant's] appearance and the safety of the public."); United States v. Giacobbe, 18 CR 108, 2020 WL 1932530, at *1 (W.D.N.Y. Mar. 30, 2020) (concluding that the defendant had "not established a change in circumstances sufficient to warrant modification of his pretrial release conditions"); United States v. Rivera, 09 CR 619, 2010 WL 1687069, at *3 (E.D.N.Y. Apr. 21, 2010) (holding that the defendant had "not demonstrated that the circumstances concerning his bail application have significantly changed since Magistrate Judge Orenstein's detention order so as to warrant reopening the detention hearing"); United States v. Falcetti, 02 CR 140, 2002 WL 31921179, at *1 (E.D.N.Y. Oct. 31, 2002) (denying motion to modify bond because no change in circumstances was shown).

III. Argument

On the eve of trial, when the incentives to flee are arguably strongest, both defendants now seek permission from the Court to remove the primary condition of release that allows Pretrial Services to assure itself in real time that the defendants are not fleeing from justice. The Court should deny the applications.

Both Magistrate Judge Bulsara and, in the case of Mr. Grimes, Your Honor concluded that the imposition of a condition of electronic monitoring with a bracelet was a necessary condition to assure the defendants' continued appearance at future court appearances. The defendants have identified no material change in circumstances that would warrant revisiting those findings, as required by Section 3142(f). "Absent any indication that the factors upon which [Magistrate Judge Bulsara and Your Honor] relied in ordering [the defendants' bond conditions] have actually and materially changed, [the defendants are] not entitled to reopen the detention hearing." Rivera, 2010 WL 1687069, at *3. Since Magistrate Judge Bulsara imposed and Your Honor affirmed the condition of electronic monitoring in this case to both defendants: (1) the Court has denied the defendants' motions to dismiss the indictment in their entirety; (2) a grand jury has returned a superseding indictment charging Mr. Barrack with additional crimes and affirming the original grand jury's findings as to the remaining counts; (3) the defendants have now received hundreds of thousands of pages of discovery and learned of the strength of the government's case; and (4) the defendants are mere weeks away from a trial where they each face potentially lengthy periods of incarceration if they are found guilty of the charged offenses. All these circumstances counsel in favor of the Court continuing to impose the same conditions of release that, to date, have ensured the defendants' continued appearance at all court proceedings.[3]

---

[3] The defendants point to the fact that they have attended all court proceedings to date in support of their arguments for removal of the condition of electronic monitoring. But continued appearance at court proceedings is what is required and what is expected as a condition of their pretrial release, it is not a proper predicate to modify conditions of release. Cf. United States v. Weintraub, 371 F. Supp. 2d 164, 167 (D. Conn. 2005) (noting that ongoing and full compliance with all conditions of supervised release "is what is required of all criminal defendants and is not a basis for early termination of [a defendant's] supervised release").

   The government has already articulated in prior submissions the significant risks of flight in this case and the utility of electronic monitoring to ensure the defendants' continued appearance at court proceedings and will not repeat them here.  See Dkt. No 56; see also United States v. Barrack, 21 MJ 3402 (C.D. Ca.), Dkt. No. 9 at 7-12; United States v. Grimes, 21 MJ 3395 (C.D. Ca.), Dkt. No. 8 at 7-12.  Trial in this matter is less than seven weeks away and the incentive to flee in this case will only increase as trial draws closer.  Continued imposition of electronic monitoring during this important, but relatively brief, period in this case does not pose a substantial burden on the defendants' freedom but does provide the Court and Pretrial Services with significant assurance of the defendants' continued compliance with the other conditions of their release, including returning to court.  The government respectfully submits that the Court should deny the defendants' applications to reopen this judicial determination pursuant to Section 3142(f).[4]

   Mr. Barrack has also raised concerns that the continued imposition of an electronic monitoring device could subject him to prejudice at trial if the device were noticed by members of the jury.  Such concerns are wholly speculative and can easily be addressed by the Court and by Mr. Barrack himself through management of juror entry into the courtroom and efforts to conceal the device with clothing.  These are hardly the first defendants to go to trial bearing monitoring devices, and the Court is well-versed in the necessary precautions to ensure no prejudice inures to the defendants.  No special accommodation is warranted here.  Indeed, the Court regularly deals

---

[4] As an aside, counsel for Mr. Grimes additionally contends that, to date, he has seen no "indication that the highest leaders of the UAE even knew of [Mr. Grimes'] existence." Dkt. No. 137.  Putting aside the fact that counsel could simply review the plain text of the superseding indictment, see Dkt. No. 105 at ¶ 83 ("AL MALIK further advised GRIMES that GRIMES was "the hero of [Emirati Official 1] [and] [Emirati Official 2]."), the government anticipates introducing evidence at trial reflecting Mr. Grimes' direct contacts and communications with senior UAE national security officials.

with far more challenging circumstances, such as where a defendant is incarcerated and must be transported to and from the courtroom by U.S. Marshals in a manner that does not alert the jury to the fact of pretrial detention.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/              
Ryan C. Harris
Samuel P. Nitze
Hiral D. Mehta
Craig R. Heeren
Assistant U.S. Attorneys
(718) 254-7000

MATTHEW G. OLSEN
Assistant Attorney General
Department of Justice
National Security Division

By:  /s/ Matthew J. McKenzie
Matthew J. McKenzie
Trial Attorney

cc: Counsel for Thomas Joseph Barrack (by ECF)
     Counsel for Matthew Grimes (by ECF)
     Clerk of the Court (BMC) (by ECF)

5