```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
   UNITED STATES OF AMERICA,                                :
                                                            :     ORDER
                                     Plaintiff,             :
                                                            :     21-cr-371 (BMC)
              - against -                                   :
                                                            :
   AL MALIK ALSHAHHI, et al.,                               :
                                                            :
                                     Defendants.            :
                                                            :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before me on defendants' motions for modification of their conditions of release, specifically, the condition imposing GPS location monitoring. Both motions are denied for reasons set forth below.

1. Barrack bases his motion for modification on both 18 U.S.C. § 3142(c)(3) and the Court's inherent authority to review such determinations. Since Barrack has not otherwise challenged his conditions of release, and because no hearing was held pursuant to 18 U.S.C. § 3142(f)(2), Barrack need not present new information for me to evaluate whether continued GPS monitoring is appropriate.

2. Barrack argues that his other release conditions, including travel restrictions, a daily curfew, and a bond secured by significant assets, are adequate to assure his appearance at trial, particularly because they "provide far more guarantee than continued GPS monitoring." He portrays GPS monitoring as having limited effectiveness, but the technology has come a long way in the past thirty years and is an essential tool in mitigating the risk of flight.

3. The risk of flight is not small in this case. Even with the current financial and travel restrictions, Barrack is a heavily resourced man with an extensive network of contacts throughout the world. Despite his strong ties to the community, the crimes he is charged with are serious, and the Government has represented that the weight of the evidence against him is substantial. Facing a potential prison term of at least a decade, at age 75, it would not be surprising for Barrack to determine that he would rather take his chances and flee, despite his extensive family ties and long-time residence in his community. This risk only grows as trial approaches.

4. Barrack argues that his "demonstrated record of compliance over the past twelve months" merits attention. He is correct, but it does not tip the scales. Barrack has also been charged with obstruction of justice, which raises further concerns mitigating against removing this condition.

5. Finally, Barrack will not be prejudiced at trial by virtue of the ankle monitor, which can easily be concealed with clothing. As is its practice, the Court will work with the U.S. Marshals and defendant's counsel to ensure that the jury is not alerted to the existence of the monitor.

6. Considering the applicable bail factors, continued GPS monitoring is appropriate and reasonable, and the current conditions represent the least restrictive conditions necessary to protect against Barrack's risk of flight.

7. As to Grimes, there is no compelling reason to revisit my earlier ruling. Grimes asserts that circumstances have changed. He notes that at the hearing on his previous motion for modification, the Government suggested that "it had intelligence to support its concern that pressure could be put on Mr. Grimes to flee by UAE officials," and that it was based on this

representation, that the Court denied Grimes' application.  Since, months later, the Government has not produced a single document substantiating this, the Court, according to Grimes, must reexamine its earlier ruling.

8. Grimes is wrong to assume that the Court made its decision "based on th[e] representation" regarding the Government's intelligence.  In fact, the Government never made any such representation.  Upon questioning by the Court, the Government stated that it was not "in a position to answer that question."  Instead, the Court's decision rested on a consideration of the circumstances of the case and the 18 U.S.C. § 3142(g) factors.  The Court determined that Grimes had "a lot of resources here to allow flight" and that his "ability to flee could be quickly turn[ed] into and in fact does exist as a risk of flight."  As with Barrack, this risk only increases as trial approaches, and I see insufficient reason to reconsider my earlier decision.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       August 10, 2022