UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AL MALIK ALSHAHHI, et al.<br><br>Defendants. | Case No.: 1:21-cr-00371-BMC-TAM<br><br>**NOTICE OF DEFENDANTS THOMAS J. BARRACK JR.'S AND MATTHEW GRIMES'S JOINT MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM OFFERING EVIDENCE OR ARGUMENT OF RASHID AL MALIK'S ABSENCE OR ALLEGED FLIGHT** |

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law, dated August 12, 2022, and all exhibits attached thereto, Defendants Thomas J. Barrack and Matthew Grimes, by their attorneys, move before the Honorable Brian M. Cogan of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, for an Order granting Defendants Motion *in Limine* to Preclude the Government From Offering Evidence or Argument of Rashid Al Malik's Absence or Alleged Flight. Defendants will file both a public and an under seal version of this Motion and its exhibits pursuant to Paragraph 7 of the Protective Order, which requires that "absent prior agreement of the government or permission of the Court, Confidential Discovery Materials shall not be included in any public filing with the Court and instead shall be submitted under seal." Dkt. 27, Stipulation & Protective Order.

Dated: August 12, 2022
       New York, New York

| WILLKIE FARR & GALLAGHER LLP | O'MELVENY & MYERS LLP |
|---|---|
| /S/ Michael Steven Schachter<br>Michael Steven Schachter<br>Randall Wade Jackson<br>Steven J. Ballew<br>787 Seventh Avenue<br>New York, NY 10019-6099 | Daniel M. Petrocelli (admitted *pro hac vice*)<br>1999 Avenue of the Stars, 8th Floor<br>Los Angeles, CA 90067<br>dpetrocelli@omm.com<br>(310) 553-6700 (ph)<br>(310) 246-6779 (fax) |

mschachter@willkie.com
(212) 728-8000 (ph)
(212) 728-8111 (fax)

James A. Bowman (admitted *pro hac vice*)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
jbowman@omm.com
(213) 430-6000 (ph)
(213) 430-6407 (fax)

*Counsel for Thomas J. Barrack, Jr.*

WINSTON & STRAWN LLP

/S/ Abbe David Lowell
Abbe David Lowell, Bar No. 358651DC
Christopher D. Man, Bar No. 453553DC
1901 L Street, NW
Washington, DC 20036
ADLowell@winston.com
202-282-5000 (ph)
202-282-5100 (fax)

Sofia Arguello
200 Park Avenue
New York, NY 10166
SArguello@winston.com
212-294-6700 (ph)
212-294-4700 (fax)

*Counsel for Matthew Grimes*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MALIK ALSHAHHI, et al.<br><br>           Defendants. | Case No.: 1:21-cr-00371-BMC-TAM |

**DEFENDANT THOMAS J. BARRACK'S AND MATTHEW GRIMES' MEMORANDUM OF LAW IN SUPPORT OF THEIR JOINT MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM OFFERING EVIDENCE OR ARGUMENT OF RASHID AL MALIK'S ABSENCE OR ALLEGED FLIGHT**

WILLKIE FARR & GALLAGHER LLP

Michael Steven Schachter
Randall Wade Jackson
Steven J. Ballew
787 Seventh Avenue
New York, NY 10019-6099
mschachter@willkie.com
(212) 728-8000 (ph)
(212) 728-8111 (fax)

O'MELVENY & MYERS LLP

Daniel M. Petrocelli (admitted *pro hac vice*)
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
dpetrocelli@omm.com
(310) 553-6700 (ph)
(310) 246-6779 (fax)


James A. Bowman (admitted *pro hac vice*)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
jbowman@omm.com
(213) 430-6000 (ph)
(213) 430-6407 (fax)

*Counsel for Thomas J. Barrack, Jr.*

WINSTON & STRAWN LLP

Abbe David Lowell, Bar No. 358651DC
Christopher D. Man, Bar No. 453553DC
1901 L Street, NW
Washington, DC 20036
ADLowell@winston.com
202-282-5000 (ph)
202-282-5100 (fax)

Sofia Arguello
200 Park Avenue
New York, NY 10166
SArguello@winston.com
212-294-6700 (ph)
212-294-4700 (fax)

*Counsel for Matthew Grimes*

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................2

    I.     THE COURT SHOULD PRECLUDE THE GOVERNMENT FROM
         OFFERING EVIDENCE OR ARGUMENT OF MR. AL MALIK'S
         ABSENCE OR ALLEGED FLIGHT ................................................................2

    II.    THE GOVERNMENT HAS CONSISTENTLY TAKEN THE POSITION
         IN OTHER CASES THAT ARGUMENT OR EVIDENCE OF FLIGHT
         REGARDING AN ABSENT CO-DEFENDANT OR CO-
         CONSPIRATOR IS NOT RELEVANT OR ADMISSIBLE AT TRIAL ...............5

CONCLUSION......................................................................................................................6

# TABLE OF AUTHORITIES

**Cases** Page(s)

*United States v. Al-Sadawi,*
    432 F.3d 419 (2d Cir. 2005)...........................................................................................3, 4

*United States v. Beahm,*
    664 F.2d 414 (4th Cir. 1981) ................................................................................................3

*United States v. Bollin,*
    264 F.3d 391 (4th Cir. 2001),
    *overruled on other grounds by United States v. Chamberlain,* 868 F.3d 290 (4th Cir. 2017) ..3

*United States v. Cameron,*
    814 F.2d 403 (7th Cir. 1987) ................................................................................................3

*United States v. Fadojutimi,*
    2:13-cr-00324 (C.D. Cal. June 15, 2014).........................................................................5, 6

*United States v. Glenn,*
    312 F.3d 58 (2d Cir. 2002)....................................................................................................3

*United States v. Ortland,*
    109 F.3d 539 (9th Cir. 1997) ................................................................................................3

*United States v. Schlussel,*
    2009 U.S. Dist. LEXIS 16665 (S.D.N.Y. Feb. 11, 2009)............................................................4

*United States v. Yono,*
    2:06-cr-020479 (E.D. Mich. June 20, 2008)..........................................................................5

Defendants Thomas J. Barrack and Matthew Grimes respectfully submit this memorandum of law in support of their joint motion *in limine* to exclude evidence or argument concerning the absence from trial of defendant Rashid Sultan Rashid Al Malik Alshahhi.

**INTRODUCTION**

Courts have repeatedly held that mentioning a co-defendant's absence or flight from criminal proceedings—and the circumstances related to that absence—is overly prejudicial and has limited probative value. The Court should hold similarly, and preclude any references to the absence of Mr. Al Malik during this trial.

During the time period relevant to this case, Mr. Al Malik, an Emirati citizen, was in the United States under a temporary F-1 student visa as a student at Pepperdine University business school. On April 2018, more than three years before the indictment in this case, Mr. Al Malik voluntarily agreed to be interviewed by the government. After that interview, Mr. Al Malik left the United States and returned to his home in the United Arab Emirates. (*See* Ex. 1 (BARRACK-000067168, CPB records reflecting Mr. Al Malik's flight from JFK to Dubai on April 8, 2018)). At that time, he had not been charged with any crime, nor had he been told that he should remain in the United States.

Despite the fact that Mr. Al Malik is from the UAE and returned to his home several years before he was charged with any crime, Mr. Barrack and Mr. Grimes anticipate that the government may seek to offer evidence or argument that Mr. Al Malik is a "fugitive," who fled the United States to avoid facing prosecution for his alleged crimes, and that this flight is evidence not only of Mr. Al Malik's guilt, but also the guilt of Mr. Barrack and Mr. Grimes.

This is both improper and highly prejudicial to Mr. Barrack and Mr. Grimes. Courts have repeatedly concluded that flight of one defendant is not a proper subject of testimony or evidence at the trial of a co-defendant. Here, the government has no direct evidence that Mr. Al Malik left

the country to avoid potential charges, but it apparently intends to introduce evidence of his departure to raise such an inference with the jury. Whatever the circumstances of Mr. Al Malik's absence from the country, evidence of one defendant's alleged flight is of no relevance to the guilt of *a co-defendant*, and admitting evidence of Mr. Al Malik's absence and/or alleged flight in this trial would be inflammatory and prejudicial. This is particularly true where after learning of the government's investigation and after Mr. Al Malik had left the United States: (1) Mr. Barrack and voluntarily agreed to be interviewed as part of the government's investigation; and (2) Mr. Barrack and Mr. Grimes have travelled outside the country many times and have always returned home to the United States.

The Court should therefore preclude the Government from offering evidence or argument of Mr. Al Malik's absence or alleged flight as substantially more prejudicial than probative under Federal Rule of Evidence 403.

**ARGUMENT**

**I. THE COURT SHOULD PRECLUDE THE GOVERNMENT FROM OFFERING EVIDENCE OR ARGUMENT OF MR. AL MALIK'S ABSENCE OR ALLEGED FLIGHT**

Mr. Al Malik's absence or alleged flight has no bearing on the elements or defenses in the government's case against Mr. Barrack and Mr. Grimes. Mr. Al Malik is not facing trial in September, and his decision to return to his home country in April 2018—three years before the Indictment in this case was even filed and more than a year *after* the alleged Section 951 conspiracy concluded—is wholly irrelevant to any issue the jury needs to consider in rendering a verdict for Mr. Barrack and Mr. Grimes. To the extent Mr. Al Malik's absence or alleged flight has any relevance at all, the probative value of such evidence or argument is substantially outweighed by unfair prejudice to Mr. Barrack and Mr. Grimes.

For this exact reason, numerous courts have found that a co-defendant's flight is not relevant to, and cannot be considered evidence of, the guilt of other, non-fleeing co-defendants. *See United States v. Ortland*, 109 F.3d 539, 545 (9th Cir. 1997) ("We have [] rejected the idea that a co-defendant's flight is relevant to show the guilt of anyone other than the fleeing defendant."); *United States v. Bollin*, 264 F.3d 391, 413 (4th Cir. 2001) ("any probative value of [one defendant's] flight was substantially outweighed by the danger of confusing the issues where [defendant who fled] was not being tried with the rest of the defendants"), *overruled on other grounds by United States v. Chamberlain,* 868 F.3d 290 (4th Cir. 2017); *United States v. Cameron*, 814 F.2d 403, 407 (7th Cir. 1987) ("The probative value of flight evidence" is extremely "limited" where it "concerns a party other than the accused.").

While flight can, in some limited circumstances, constitute circumstantial evidence of consciousness of guilt for the specific defendant who fled, *United States v. Glenn,* 312 F.3d 58, 67 (2d Cir. 2002), even then, the probative value of that evidence as circumstantial evidence of guilt depends on the confidence with which four inferences can be drawn: "(1) [inferences] from the defendant's behavior to flight; (2) [inferences] from flight to consciousness of guilt; (3) [inferences] from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) [inferences] from consciousness of guilt concerning the crime charged to actual guilt of the crime charged." *United States v. Al-Sadawi*, 432 F.3d 419, 424 (2d Cir. 2005) (citing *United States v. Myers,* 550 F.2d 1036, 1049 (5th Cir.1977)); *United States v. Beahm,* 664 F.2d 414, 420 (4th Cir. 1981) ("If the government wishes to offer evidence of flight to demonstrate guilt, it must ensure that each link in the chain of inferences leading to that conclusion is sturdily supported.") (citing *Myers,* 550 F.2d at 1049).

Here, the government cannot even get past the first step because Mr. Al Malik's conduct is not sufficient to support an inference that Mr. Barrack and Mr. Grimes intended to flee. *Al-Sadawi* is instructive. There, the Second Circuit confronted a case where a defendant's wife allegedly attempted to obtain passports and plane tickets purportedly for both of them to flee the country. 432 F.3d at 424. The Court reasoned that the "government should not have been permitted to argue that [Al-Sadawi's] wife's conduct evidenced his consciousness of guilt" because the behavior of defendant's wife was insufficient to support an inference that defendant himself intended to flee. *Id.* at 424-25. The Court thus concluded that the government could not even get past the first step. *Id.*

So too here. Mr. Al Malik is not on trial. Whether or not his decision to return to his home country, years before any charges were filed and more than a year after the alleged conspiracy concluded has any bearing whatsoever on Mr. Al Malik's consciousness of guilt, such evidence cannot support "an inference that [Mr. Barrack and Mr. Grimes] intended to flee." *See id.* at 424-25 ("flight evidence must . . . provide the jury with more than opportunity for mere 'conjecture and speculation'") (internal citations omitted); *cf. United States v. Schlussel*, 2009 U.S. Dist. LEXIS 16665, at *9 (S.D.N.Y. Feb. 11, 2009) (denying motion to preclude evidence of flight because the "[d]efendant, and not some third-party, [was] responsible for the behavior supporting an inference of flight").

Moreover, any attempt to construe Mr. Al Malik's conduct as "flight" is highly speculative as best. While Mr. Al Malik left the United States for his home country and did not return, the government has not offered evidence that Mr. Al Malik left the United States to "flee" or evade law enforcement. To the contrary, evidence the government has produced in discovery shows that Mr. Al Malik appears to have travelled freely throughout Europe with no concern for extradition

4

long after he left the United States (including in countries with U.S. extradition treaties), and even considered starting school again in California. (*See* Ex. 2 (BARRACK-000062101) at p. 141 (May 8, 2018 Text Message from Mr. Al Malik: "Am in London now"); Ex. 3 (BARRACK-000062079) at p. 5 (Sept. 2, 2018 Text Message from Mr. Al Malik indicating he was "in Paris today and London tomorrow")); Ex. 4 (BARRACK-000062101) at pp. 143-145 (Text Message from Mr. Al Malik discussing potential return to California to enroll in broadcasting program).

II.  **THE GOVERNMENT HAS CONSISTENTLY TAKEN THE POSITION IN OTHER CASES THAT ARGUMENT OR EVIDENCE OF FLIGHT REGARDING AN ABSENT CO-DEFENDANT OR CO-CONSPIRATOR IS NOT RELEVANT OR ADMISSIBLE AT TRIAL**

While Mr. Barrack and Mr. Grimes expect the government may argue here that Mr. Al Malik's status is relevant and appropriate to raise at trial in September, the government has repeatedly taken the opposite position in other cases, seeking to preclude evidence or argument about the fugitive status of a co-defendant or alleged co-conspirator. In *United States v. Fadojutimi*, for example, the government moved *in limine* to preclude the defendant from introducing evidence about the fugitive status of his co-defendant on the grounds that it was "irrelevant," that the "probative value would be substantially outweighed by the danger of unfair prejudice" and that the "evidence would serve no purpose other than to confuse the jury." *See* United States Mot. to Preclude Evidence of Co-Defendant's Fugitive Status at 1-2, 4, 2:13-cr-00324 (C.D. Cal June 15, 2014), Dkt. 72 ("[A] co-defendant's fugitive status is not relevant in determining anyone else's guilt or innocence") (citing *United States v. Candoli*, 870 F.2d 496, 501 (9th Cir. 1989)).

Likewise, in *United States v. Yono*, the government moved to "bar defense counsel from commenting on the absence of co-defendant Rosie Mary Gaston, a fugitive, at trial." *See* United States Mot. to Bar Comment on the Absence of Fugitive Co-Defendant at 1, 2:06-cr-20479 (E.D.

Mich. June 20, 2008), Dkt. 24.  As the government explained in *Yono*: "It is not proper for the jury to consider the absence of or even the charges against a co-defendant when deliberating the charges brought against any other defendant."  *Id.* at 2 (citing *United States v. Rosinski*, 487 F.2d 882 (6th Cir. 1973); *United States v. Johnson*, 2008 WL 2095344, at *2 (E.D. Mich. May, 2008)).

The government's arguments in *Fadojutimi* and *Yono* apply with equal force to the instant motion.  Consistent with the conclusion courts have reached in other cases and the position the government has taken elsewhere, the Court should grant Mr. Barrack's and Mr. Grimes' motion to preclude Mr. Al Malik's absence or alleged fugitive status from trial because "any proposed testimony, evidence, or argument on these topics is irrelevant . . . indeed, such proposed testimony or evidence has no bearing on any elements or defenses in this case."  *See Fadojutimi* at 3, 2:13-cr-00324 (C.D. Cal June 15, 2014), Dkt. 72.

## CONCLUSION

The Court should grant Mr. Barrack's and Mr. Grimes' motion *in limine* to preclude the Government from offering evidence or argument of Mr. Al Malik's absence or alleged flight.

Dated: August 12, 2022
      New York, New York

| WILLKIE FARR & GALLAGHER LLP | O'MELVENY & MYERS LLP |
|---|---|
| /S/ Michael Steven Schachter<br>Michael Steven Schachter<br>Randall Wade Jackson<br>Steven J. Ballew<br>787 Seventh Avenue<br>New York, NY 10019-6099<br>mschachter@willkie.com<br>(212) 728-8000 (ph)<br>(212) 728-8111 (fax) | Daniel M. Petrocelli (admitted *pro hac vice*)<br>1999 Avenue of the Stars, 8th Floor<br>Los Angeles, CA 90067<br>dpetrocelli@omm.com<br>(310) 553-6700 (ph)<br>(310) 246-6779 (fax)<br><br>James A. Bowman (admitted *pro hac vice*)<br>400 South Hope Street, 18th Floor<br>Los Angeles, CA 90071<br>jbowman@omm.com<br>(213) 430-6000 (ph)<br>(213) 430-6407 (fax) |

*Counsel for Thomas J. Barrack, Jr.*

WINSTON & STRAWN LLP

| /S/ Abbe David Lowell<br>Abbe David Lowell, Bar No. 358651DC<br>Christopher D. Man, Bar No. 453553DC<br>1901 L Street, NW<br>Washington, DC 20036<br>ADLowell@winston.com<br>202-282-5000 (ph)<br>202-282-5100 (fax) | Sofia Arguello<br>200 Park Avenue<br>New York, NY 10166<br>SArguello@winston.com<br>212-294-6700 (ph)<br>212-294-4700 (fax) |

*Counsel for Matthew Grimes*