UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AL MALIK ALSHAHHI, et al.,<br><br>Defendants. | Case No.: 1:21-cr-00371-BMC-TAM<br><br>**NOTICE OF DEFENDANTS THOMAS J. BARRACK JR.'S AND MATTHEW GRIMES' JOINT MOTION *IN LIMINE* TO EXCLUDE CERTAIN HEARSAY STATEMENTS CONTAINED IN GOVERNMENT EXHIBITS** |

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law, dated August 12, 2022, and all exhibits attached thereto, Defendants Thomas J. Barrack, Jr. and Matthew Grimes, by their attorneys, move before the Honorable Brian M. Cogan of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, for an Order granting Defendants Joint Motion *in Limine* to Exclude Certain Hearsay Statements Contained in Government Exhibits. Defendants will file both a public and an under seal version of this Motion and its exhibits pursuant to Paragraph 7 of the Protective Order, which requires that "absent prior agreement of the government or permission of the Court, Confidential Discovery Materials shall not be included in any public filing with the Court and instead shall be submitted under seal." Dkt. 27, Stipulation & Protective Order.

Dated: New York, New York
August 12, 2022

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

Michael S. Schachter
Randall W. Jackson
Casey E. Donnelly
Steven J. Ballew
787 Seventh Avenue
New York, NY 10019-6099
mschachter@willkie.com
(212) 728-8000 (ph)
(212) 728-8111 (fax)

O'MELVENY & MYERS LLP

/s/ Daniel M. Petrocelli
Daniel M. Petrocelli (admitted *pro hac vice*)
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
dpetrocelli@omm.com
(310) 553-6700 (ph)
(310) 246-6779 (fax)

James A. Bowman (admitted *pro hac vice*)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
jbowman@omm.com
(213) 430-6000 (ph)
(213) 430-6407 (fax)

*Counsel for Thomas J. Barrack, Jr.*

WINSTON & STRAWN LLP

/s/ Abbe David Lowell
Abbe David Lowell
Christopher D. Man (admitted *pro hac vice*)
1901 L Street, NW
Washington, DC 20036
ADLowell@winston.com
(202) 285-5000 (ph)
(202) 285-5100 (fax)

Sofia Arguello
Johanna R. Hudgens
200 Park Avenue
New York, NY 10166
SArguello@winston.com
(212) 294-6700 (ph)
(212) 294-4700 (fax)

*Counsel for Matthew Grimes*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

AL MALIK ALSHAHHI, et al.,

        Defendants.

Case No.: 1:21-cr-00371-BMC-TAM

---

### DEFENDANTS THOMAS J. BARRACK JR.'S AND MATTHEW GRIMES' MEMORANDUM OF LAW IN SUPPORT OF THEIR JOINT MOTION *IN LIMINE* TO EXCLUDE CERTAIN HEARSAY STATEMENTS CONTAINED IN GOVERNMENT EXHIBITS

WILLKIE FARR & GALLAGHER LLP

Michael S. Schachter
Randall W. Jackson
Casey E. Donnelly
Steven J. Ballew
787 Seventh Avenue
New York, NY 10019-6099
mschachter@willkie.com
(212) 728-8000 (ph)
(212) 728-8111 (fax)

*Counsel for Thomas J. Barrack, Jr.*

WINSTON & STRAWN LLP

Abbe David Lowell
Christopher D. Man (admitted *pro hac vice*)
1901 L Street, NW
Washington, DC 20036
ADLowell@winston.com
(202) 285-5000 (ph)
(202) 285-5100 (fax)

*Counsel for Matthew Grimes*

O'MELVENY & MYERS LLP

Daniel M. Petrocelli (admitted *pro hac vice*)
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
dpetrocelli@omm.com
(310) 553-6700 (ph)
(310) 246-6779 (fax)

James A. Bowman (admitted *pro hac vice*)
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
jbowman@omm.com
(213) 430-6000 (ph)
(213) 430-6407 (fax)

Sofia Arguello
Johanna Rae Hudgens
200 Park Avenue
New York, NY 10166
SArguello@winston.com
(212) 294-6700 (ph)
(212) 294-4700 (fax)

## TABLE OF CONTENTS

                                                                     **Page**

INTRODUCTION ..........................................................................................................................1

ARGUMENT .................................................................................................................................3

      I.      The Government Cannot Admit These Statements Because It Has Not Alleged Or Shown The Necessary Elements Of A Conspiracy To Violate Section 951 ............................................................................................................3

      II.     The Government Cannot Show A Conspiracy Involving Other UAE Officials ..................................................................................................................5

      III.    The Government Cannot Show That The Statements In The Government's Exhibits Were Made In Furtherance Of Any Conspiracy ........................................6

CONCLUSION ..............................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*United States v. Adelekan,*
   567 F. Supp. 3d 459 (S.D.N.Y. 2021)...................................................................................7

*United States v. Al-Moayad,*
   545 F.3d 139 (2d Cir. 2008).....................................................................................................2

*United States v. Alameh,*
   341 F.3d 167 (2d Cir. 2003).....................................................................................................2

*United States v. Beech-Nut Nutrition Corp.,*
   871 F.2d 1181 (2d Cir. 1989)...................................................................................................6

*United States v. Birnbaum,*
   337 F.2d 490 (2d Cir. 1964).....................................................................................................7

*United States v. Garcia-Duarte,*
   718 F.2d 42 (2d Cir. 1983).......................................................................................................5

*United States v. Gigante,*
   166 F.3d 75 (2d Cir. 1999).......................................................................................................4

*United States v. Kapelioujnyj,*
   547 F.3d 149 (2d Cir. 2008).....................................................................................................4

*United States v. Lorenzo,*
   534 F.3d 153 (2d Cir. 2008).....................................................................................................5

*United States v. Maldonado-Rivera,*
   922 F.2d 934 (2d Cir. 1990).....................................................................................................6

*United States v. Mitchell,*
   31 F.3d 628 (8th Cir. 1994)......................................................................................................6

*United States v. Perez,*
   989 F.2d 1574 (10th Cir. 1993)................................................................................................6

*United States v. Rivera,*
   22 F.3d 430 (2d Cir. 1994).......................................................................................................8

*United States v. Rodriguez,*
   392 F.3d 539 (2d Cir. 2004).....................................................................................................4

*United States v. Saneaux,*
   365 F. Supp. 2d 493 (S.D.N.Y. 2005)......................................................................................7

*United States v. SKW Metals & Alloys, Inc.,*
   195 F.3d 83 (2d Cir. 1999)...................................................................................................6, 8

*United States v. Torres,*
   604 F.3d 58 (2d Cir. 2010).......................................................................................................4

## TABLE OF AUTHORITIES
(continued)

Page(s)

*United States v. Tracy*,
   12 F.3d 1186 (2d Cir. 1993) ............................................................................................5, 6

*United States v. Ulbricht*,
   31 F. Supp. 3d 540 (S.D.N.Y. 2014) ......................................................................................4

**STATUTES**

18 U.S.C. § 951 ..................................................................................................................................3

**OTHER AUTHORITIES**

30B Jeffrey Bellin, Federal Practice and Procedure (Wright & Miller) (2022 ed.) ........................6

**RULES**

Fed. R. Evid. 801(c) ..........................................................................................................................3

Fed. R. Evid. 801(d)(2)(E) .........................................................................................................1, 3, 5

Fed. R. Evid. 802 ..............................................................................................................................1

Defendants Thomas J. Barrack, Jr. and Matthew Grimes respectfully submit this memorandum of law in support of their joint motion *in limine* to exclude certain hearsay statements identified in exhibits on the government's August 5, 2022 Exhibit List. As explained below, *none* of the hearsay statements on that list is admissible under the co-conspirator statement exception because the government has not alleged and cannot show a necessary element of the purported conspiracy. Additionally, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, they are inadmissible under the co-conspirator statement exception either because (1) the statements are between individuals whom the government has not identified as alleged co-conspirators and/or (2) they were not made in furtherance of the purported conspiracy. Mr. Barrack and Mr. Grimes will have no ability to cross-examine or obtain any context or explanation from the speakers of these latter statements. To prevent this evidence from unfairly being presented to the jury, Mr. Barrack and Mr. Grimes move to preclude the government from relying on the co-conspirator exception to admit any hearsay evidence in this case and/or to exclude all or portions of exhibits the government has identified, including Government Exhibits ("GE") 3, 4, 6, 7, 13, 38, 39, 40, 42, 47, 111, 504, and 513 as inadmissible hearsay, and as ineligible for admission under the co-conspirator exception to the prohibition on hearsay.[1]

## INTRODUCTION

The Federal Rules of Evidence generally preclude the admission of hearsay evidence. *See* Fed. R. Evid. 802. Although the rules allow admission of a defendant's statements as evidence against a co-defendant under Federal Rule of Evidence 801(d)(2)(E) in the limited circumstance where the defendants were "co-conspirators" and the statement in question was "in furtherance"

---

[1] GE 509 is the subject of a separate motion *in limine*.

of their conspiracy, that is an exacting standard. To admit testimony under Rule 801(d)(2)(E), "the district court 'must find (a) that there was a conspiracy, (b) that its members included the declarant and the party against whom the statement is offered, and (c) that the statement was made during the course of and in furtherance of the conspiracy.'" *United States v. Al-Moayad*, 545 F.3d 139, 173 (2d Cir. 2008) (quoting *United States v. Alameh*, 341 F.3d 167, 176 (2d Cir. 2003)).

Counts 1 and 2 of the Superseding Indictment allege that Mr. Barrack, Mr. Grimes, and Mr. Al Malik acted, and conspired to act, as unregistered agents of the United Arab Emirates ("UAE") in violation of 18 U.S.C. § 951, by, among other things, taking "steps to advance the United Arab Emirates' foreign policy interests by attempting to influence United States foreign policy . . . with respect to the state of Qatar" from approximately June through October 2017. *See* S.I. ¶ 84. But it does not allege anywhere that ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ were members of that conspiracy.

The government has nevertheless identified communications on its exhibit list with ▅▅▅▅▅▅▅▅▅▅▅▅▅▅ who are not on the government's witness list and who will not testify. Many of these communications have little or no bearing on the charges at issue in this case. For example, there are myriad communications ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ *See* Ex. 1 (GE 504-t at 15-16) (▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅; *id.* at 90-91 ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅. There are also communications ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ and do not concern any actions allegedly taken by either Mr. Barrack or Mr. Grimes. *See* Ex. 2

(GE 4) █████████████████████████

█████████ Ex. 3 (GE 38) █████████████

█████████████████████████████████████.

These communications are inadmissible hearsay.

## ARGUMENT

Many of the documents on the government's exhibit list are out-of-court statements that the government appears to intend to offer for their truth. As such, they are inadmissible hearsay. *See* Fed. R. Evid. 801(c). Although the government may argue that the co-conspirator exception to the hearsay rule applies to certain of these communications, *see id.* 801(d)(2)(E), that exception is inapplicable for three reasons: *First*, the government has not alleged or shown any conspiracy because it has not alleged or shown that any of the defendants knew of their alleged co-conspirators' status as *unregistered* agents. *Second*, the government does not allege, and cannot show that, the declarants were members of the alleged conspiracy, and thus cannot rely on the co-conspirator exception to admit their statements. *Third*, the government cannot show that these statements were made in furtherance of the conspiracy.

I. **The Government Cannot Admit These Statements Because It Has Not Alleged Or Shown The Necessary Elements Of A Conspiracy To Violate Section 951.**

As both this Court and the government have acknowledged, proving a violation of Section 951 requires proof of knowledge of one's status as an *unregistered* agent. *See* Mem. Decision and Order (ECF No. 120) (the "MTD Order") at 17-20; Gov't Proposed Jury Instructions (ECF No. 137) at 11. Acting as an agent is not in itself unlawful; a violation of law occurs only when someone acts as an agent without registering as one, despite being required to do so. *See generally* 18 U.S.C. § 951.

Similarly, to show a *conspiracy* to violate Section 951, the government must prove the

defendant knew of the unregistered status of his co-conspirators. Conspiracy liability generally requires proof of such specific intent—*i.e.*, that the defendant "knowingly and intentionally participated in the" crime. *United States v. Rodriguez*, 392 F.3d 539, 545 (2d Cir. 2004). Indeed, the government itself acknowledged that "a defendant himself must intentionally participate in the conspiracy with the purpose of helping to achieve at least one of its unlawful objects." Gov't Proposed Jury Instructions (ECF No. 137) at 21. Here, that is not possible without knowledge of the co-conspirators' unregistered status: a defendant could know of the criminal scheme alleged in the indictment—a plot to act as agents of the UAE without notification to the Attorney General—and knowingly join in that scheme only if he knew the others were unregistered. And if the defendant believed—even incorrectly—that the others had registered, then there would be no criminal conspiracy. *See, e.g.*, *United States v. Ulbricht*, 31 F. Supp. 3d 540, 552 (S.D.N.Y. 2014) ("The crime of conspiracy requires that a defendant both know the object of the crime and that he knowingly and intentionally join the conspiracy." (citing *United States v. Torres*, 604 F.3d 58, 66 (2d Cir. 2010)). This is not an affirmative defense, but rather "the government's burden to establish" as a necessary element of the charge, *United States v. Kapelioujnyj*, 547 F.3d 149, 155 (2d Cir. 2008), even if Section 951 is—as the government contends—a general intent crime, *see* Opposition to Mot. to Dismiss (ECF No. 80) at 29-31.

Yet the government has neither alleged nor shown that the defendants knew of one another's registration status—much less has it alleged that UAE officials other than Mr. Al Malik knew of anyone's unregistered status. As such, it has not shown any conspiracy to violate Section 951 that would support admission of *any* of the statements identified in the concurrently filed exhibit because it has not shown "a conspiracy with some specific criminal goal . . . It is the unity of interests stemming from a specific shared criminal task that justifies Rule 801(d)(2)(E) in the

- 4 -

first place." *United States v. Gigante*, 166 F.3d 75, 83 (2d Cir. 1999) (finding clear error for trial court to admit statements under Rule 801(d)(2)(E) based only on "general conspiracy" among members of Mafia); *see also, e.g.*, *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008) ("[W]here the crime charged is conspiracy, a conviction cannot be sustained unless the Government establishes beyond a reasonable doubt that the defendant had the specific intent to violate the substantive statute[s]." (internal citation omitted)). This Court should exclude the identified statements as inadmissible hearsay.

II.  **The Government Cannot Show A Conspiracy Involving Other UAE Officials.**

As the plain text of Rule 801(d)(2)(E) makes clear, a statement only falls within its ambit when it "was made by the party's coconspirator." The declarant must himself be a member of the conspiracy for the rule to apply. *United States v. Garcia-Duarte*, 718 F.2d 42, 45 (2d Cir. 1983) ("Fed. R. Evid. 801(d)(2)(E) provides that an out-of-court statement offered to prove the truth of the matter asserted is . . . admissible against a party as non-hearsay if made by a coconspirator of the party during the course and in furtherance of the conspiracy."); *United States v. Tracy*, 12 F.3d 1186, 1196 (2d Cir. 1993) (for conspirator statement to be admitted "the court must find (1) that there was a conspiracy [and] (2) that its members included the declarant and the party against whom the statement is offered . . .").

The indictment does not identify any UAE individual (aside from Mr. Al Malik) as being a member of the conspiracy. *See* S.I. ¶¶ 115-117. Yet the government now appears to intend to introduce not only statements made by Mr. Al Malik, but also ████████████████████ ████████████████████████████████████████████████████████████████████████ ████████ For example, one of the documents on the government's exhibits list is a transmission of a ██████████████████████████████████████████████████████████████ *See* Ex. 2 (GE 4). Two other exhibits appear to be transmissions of ████████████████████.

- 5 -

███████████████████████████████████████████████████. *See* Ex. 4 (GE 6), Ex. 5 (GE 7). Yet another is an exchange—involving none of the defendants—of ████ ██████████████ *See* Ex. 6 (GE 39). Other examples abound. *See, e.g.*, Ex. 7 (GE 3-t), Ex. 8 (GE 40), Ex. 9 (GE 47). All these statements are inadmissible, and do not qualify as non-hearsay under Rule 801(d)(2)(E) because the declarants are not members of the alleged conspiracy.

### III. The Government Cannot Show That The Statements In The Government's Exhibits Were Made In Furtherance Of Any Conspiracy.

Even where a conspiracy exists, to admit an alleged co-conspirator's out-of-court statement pursuant to Rule 801(d)(2)(E), the Court must find that the statement was made "in furtherance" of the conspiracy. *Tracy*, 12 F.3d at 1196. Courts construe this requirement "strictly." *United States v. Perez*, 989 F.2d 1574, 1578 (10th Cir. 1993) (collecting cases); *see also* 30B Jeffrey Bellin, Federal Practice and Procedure (Wright & Miller) § 6780 (2022 ed.) ("Courts . . . often interpret the rule's requirements, and particularly the 'in furtherance' requirement, 'strictly.'"). Additionally, a statement is not "in furtherance" of the conspiracy if it is a "mere[] narrative" of the acts of another co-conspirator. *United States v. SKW Metals & Alloys, Inc.*, 195 F.3d 83, 88 (2d Cir. 1999); *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1199 (2d Cir. 1989) (same). Nor do "statements relating to past events, even those connected with the operation of the conspiracy where the statement serves no immediate or future conspiratorial purpose" meet the "in furtherance of" standard. *Perez*, 989 F.2d at 1578. Similarly, "statements to non-conspirators informing them of the conspiracy will generally not qualify for admission because such statements are rarely in furtherance of the conspiracy." Bellin, *supra*, § 6780; *see also id.* ("A statement that simply informs a listener of the declarant's criminal activities is not made in furtherance of the conspiracy." (quoting *United States v. Mitchell*, 31 F.3d 628, 632 (8th Cir. 1994))).

"Rather, the statements must be such as to prompt the listener . . . to respond in a way that

promotes or facilitates the carrying out of a criminal activity." *United States v. Maldonado-Rivera*, 922 F.2d 934, 958 (2d Cir. 1990) (citation omitted). Put differently, "[t]he touchstone of the 'in furtherance' requirement is that the statement be designed to promote the accomplishment of the conspiracy's goals." *United States v. Saneaux*, 365 F. Supp. 2d 493, 500 (S.D.N.Y. 2005); *United States v. Adelekan*, 567 F. Supp. 3d 459, 466 (S.D.N.Y. 2021) (same); *United States v. Birnbaum*, 337 F.2d 490, 495 (2d Cir. 1964) ("The fact that one conspirator tells another something relevant to the conspiracy does not alone make the declaration competent; the declaration must itself be an act in furtherance of the common object; mere conversation between conspirators is not that.").

The government cannot meet that standard for many of the communications on its exhibit list. They are not "in furtherance of" any conspiracy for two separate reasons.

*First*, many of the communications between Rashid Al Malik and ▬▬▬▬ ▬▬▬▬ and have nothing to do with the alleged conspiracy to violate Section 951. For example, part of the communications in one of the government's exhibits reads as follows:



Ex. 10 (GE-513-t, at 2-3) (cleaned up). The discussion continues along these lines for some time. Another part of the discussion reads:



███

Ex. 10 (GE 513-t, at 7). Nor is this exhibit an isolated example. *See, e.g.,* Ex. 1 (GE 504-t at 15-16) ███ *id.* at 90-91 ███

*Second*, many of the statements are "mere[] narrative" of acts that have already taken place. *SKW Metals & Alloys*, 195 F.3d at 88. In some exhibits, Mr. Al Malik is discussing ███ For example, in one exhibit, he receives an email informing him that ███ Ex. 11 (GE 13). In another, Mr. Al Malik ███ Ex. 12 (GE 42); *see also* Ex. 13 (GE 111). But that is a simple narrative of something that has *already happened*; it does not further the alleged conspiracy. *See, e.g., United States v. Rivera*, 22 F.3d 430, 436 (2d Cir. 1994).

Other exhibits are similar. One includes the following discussion:

███

Ex. 7 (GE 3). Another is the transmission ███ *See* Ex. 2 (GE 4). These two exhibits are also from well outside the scope of the

conspiracy alleged in the Superseding Indictment. *See* S.I. ¶ 116. The first (GE 3) is from 2014, and the second (GE 4) is from 2015.

The statements in no way further any purported conspiracy to violate Section 951. They should accordingly be excluded under longstanding Second Circuit law.

## CONCLUSION

The Court should grant defendants' joint motion to preclude the government from introducing into evidence statements under the co-conspirator exception to the prohibition on hearsay, for all the reasons above.

Dated: New York, New York                          Respectfully submitted,
        August 12, 2022

| | |
|---|---|
| WILLKIE FARR & GALLAGHER LLP | O'MELVENY & MYERS LLP |
| | /s/ Daniel M. Petrocelli |
| Michael S. Schachter | Daniel M. Petrocelli (admitted *pro hac vice*) |
| Randall W. Jackson | 1999 Avenue of the Stars, 8th Floor |
| Casey E. Donnelly | Los Angeles, CA 90067 |
| Steven J. Ballew | dpetrocelli@omm.com |
| 787 Seventh Avenue | (310) 553-6700 (ph) |
| New York, NY 10019-6099 | (310) 246-6779 (fax) |
| mschachter@willkie.com | |
| (212) 728-8000 (ph) | James A. Bowman (admitted *pro hac vice*) |
| (212) 728-8111 (fax) | 400 South Hope Street, 18th Floor |
| | Los Angeles, CA 90071 |
| | jbowman@omm.com |
| | (213) 430-6000 (ph) |
| | (213) 430-6407 (fax) |

*Counsel for Thomas J. Barrack, Jr.*

WINSTON & STRAWN LLP

| | |
|---|---|
| /s/ Abbe David Lowell | |
| Abbe David Lowell | Sofia Arguello |
| Christopher D. Man (admitted *pro hac vice*) | Johanna R. Hudgens |
| 1901 L Street, NW | 200 Park Avenue |
| Washington, DC 20036 | New York, NY 10166 |
| ADLowell@winston.com | SArguello@winston.com |
| (202) 285-5000 (ph) | (212) 294-6700 (ph) |
| (202) 285-5100 (fax) | (212) 294-4700 (fax) |

*Counsel for Matthew Grimes*