UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| |
|---|
| UNITED STATES OF AMERICA, <br><br>     Plaintiff, <br><br> v. <br><br> MATTHEW GRIMES, <br><br>     Defendant. |

Case No.: 1:21-cr-00371(BMC)(TAM)
Hon. Brian M. Cogan

**DEFENDANT MATTHEW GRIMES' MEMORANDUM OF LAW
IN OPPOSITION OF THE GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
INQUIRY ABOUT CLASSIFIED INFORMATION**

Defendant Matthew Grimes respectfully submits this memorandum in opposition to the government's motion *in limine* to preclude inquiry about classified information, filed at ECF No. 197 ("Gov't MIL").

## PRELIMINARY STATEMENT

Most of the government's 15-page motion consists of a primer on the provisions of the Classified Information Procedures Act ("CIPA") and some cases applying the statute, followed by a series of unsupported alarmist warnings and arguments about the catastrophe Mr. Grimes' request would cause, and then inaccurately describing the procedural history leading up to this narrow issue. In the end, the type of stipulation that defense counsel suggested, and the Court recommended the parties attempt to create (e.g., the government is unaware of any direct communications between any of the UAE officials described in the Superseding Indictment or any reference to Mr. Grimes in the communications of those officials, or the documents and communications acquired and reviewed by the government in this investigation do not include any mention of Mr. Grimes by the UAE officials described in the Superseding Indictment), would render this motion moot.[1]

## PROCEDURAL BACKGROUND

In discovery requests served on the U.S. Attorney's Office on November 8, 2021, Mr. Grimes specifically requested the following information as both germane to the charges and relevant to either guilt or punishment, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963): ■

■

---

[1] Skipping ahead to the government's argument of what mechanism CIPA Section 6 might require, Gov't MIL at 6, the stipulation suggested by Mr. Grimes' counsel or something similar is exactly the type of substitution or summary that would satisfy that section and would obviate the need for any Section 8 procedure in the middle of trial on this issue.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████. *See* Ex. A (Nov. 8, 2021 Letter to Counsel) at 7. Other than the Special Counsel's Office, the government has represented that no other federal agencies participated in the prosecution of this case. Accordingly, the prosecution did not respond to these requests.

Subsequently, the government indicated its intention to file a motion for a protective order against disclosure of classified information to the defense. Dkt. No. 117. In January 2022, the Court decided that the right way to handle the CIPA process was through separate *ex parte* proceedings, with material subject to *in camera* review. January 5, 2022 Status Conf. Tr. at 18:1-15; 20:11-17. The issue of confirming the one fact being sought was raised to the Court in the *ex parte* conference with defense counsel on May 19, 2022, and likely then raised by the Court at the government's similar conference on July 6, 2022. On July 27, 2022, the Court granted the government's application for a protective order. Dkt. No. 136. The next day, at the July 28, 2022 status conference, counsel for Mr. Grimes indicated that, since the government has consistently refused to tell Defendants what agencies it has even searched for relevant information, defense counsel may need to look further by way of subpoenas. July 28, 2022 Status Conf. Tr. at 22:7-14. Mr. Lowell then had the following exchange with the Court:

> THE COURT: Okay. That's fine. I will tell you that that concern was very much a part of my discussion with the Government, and I have reviewed the in camera documents that the -- the documents we have in our SCIF that would address that. I'm pretty confident that everything has gone the way it has gone, and if there isn't anything there, it's because there isn't anything there, but, as you say, at the appropriate time, we'll have to get into it more.

MR. LOWELL: The last piece on this, not to beat a dead classified document to death, is that **if there's nothing there, you understand that can be probative of something, and that's –**

THE COURT: **I understand. I mean, one of the things that I thought about -- and I will leave it to the parties -- is if the Government wants to have a discussion with Mr. Lowell and say, look, what there is is what you have, and that's a representation. And I think if the Government didn't want to enter into some kind of stipulation, there's probably a way that Mr. Lowell can get at that at trial, okay, so that's something to think about.**

MR. LOWELL: I was thinking about that procedure myself after I read the order, so I will follow up with the Government about that.

THE COURT: Okay.

*Id*. at 22:15-23:13 (emphasis added).

As previewed, Mr. Grimes then followed up with Rule 17 subpoenas to four intelligence agencies, which were limited to a single request for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dkt. No. 141-2 (Grimes' Mot. to Compel Rule 17 Subpoenas). As an alternative to the subpoenas, Mr. Grimes suggested a stipulation (in line with what the Court had suggested previously) confirming that the government knows of no communication from 2016 to 2018 between anyone in the UAE government that mentions Mr. Grimes. *Id*. at 2. The government opposed both requests. *See* Dkt. No. 152 (Gov't Mot. to Quash Rule 17 Subpoenas).

At the August 29, 2022 pre-trial conference—*less than 30-days before trial*—the Court denied the Rule 17 subpoenas. In doing so, the Court *again* encouraged the government to provide a stipulation to avoid making defense counsel prove its fact in "other ways," such as by questioning government witnesses. Aug. 29, 2022 Status Conf. Tr. at 14:15-25. AUSA Heeren responded that

3

the government is unable to provide such a stipulation because "to confirm or deny a fact about what an intelligence agency knows is itself potentially leaking classified information." *Id*. at 15:19-21. The Court observed that "there ought to be some way that the parties can come to some articulable agreement that obviates the need to call witnesses to say the same thing" but conceded it could not compel the government to do so and concluded that defense counsel may have no choice but to do this the "hard way," including through a Section 8 hearing in the middle of trial. *Id*. at 16:1-14; 17:1-13. The government noted that if defense counsel were to question witnesses for this purpose, such questions would trigger CIPA issues and require defense counsel to provide notice under CIPA Section 5. *Id*. at 16:15-25. As the Court remarked, "if we accept the government's representation that it has covered all appropriately produced documents with these four agencies, and then we take Mr. McKenzie's acknowledgment that that includes both classified and nonclassified, then I think the fact that we're dealing with classified and nonclassified gives us a little opportunity to pursue it that way that you might not have if you were asking questions about classified documents." *Id*. at 17:1-8. In any event, Mr. Grimes promptly filed a Section 5 Notice the following week. *See* Dkt. No. 198.[2]

The government filed the present motion *in limine* to preclude inquiry about classified information on September 7, 2022. Dkt. No. 197. As discussed further below, the fact that the government jumped the gun with its motion, makes Mr. Grimes' CIPA Section 5 Notice no less timely and renders any argument that Mr. Grimes has not complied with CIPA procedures moot.

---

[2] Notwithstanding the government filing this CIPA motion *in limine* on September 7, and claiming, incorrectly, that the defense has missed the deadline to file its CIPA Section 5 Notice, defense counsel had already prepared its Section 5 Notice and was planning to file it on September 8 irrespective of the government's motion regarding the Notice period.

4

APPLICABLE LAW

Section 5(a) of CIPA requires a defendant "to notify the court and the prosecutor about any classified information he reasonably expects to disclose at trial." *United States v. Fernandez*, 913 F.2d 148, 151 (4th Cir. 1990); *United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983); *see* 18 U.S.C. App. III § 5(a) (requiring notice when "a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant"). Notice is timely if provided "as soon as possible" after a defendant learns that the defense may reasonably cause the disclosure of classified information. *See* 18 U.S.C. App. III § 5(a).[3]

Notice under Section 5 of CIPA "shall include a brief description of the classified information." 18 U.S.C. App. III § 5(a). The Section 5 notice is sufficient where the government is able to identify what documents or information to which the defendant is referring and what information is contained in them. *See United States v. Miller*, 874 F.2d 1255, 1276 (9th Cir. 1989). Further, the defendant need not establish the relevance of the specified information in order to satisfy the requirements of Section 5; it need only establish that the information sought is "helpful to the defense." *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989); *see also United States v. Rewald*, 889 F.2d 836, 855 (9th Cir. 1989).

---

[3] The government cannot accurately claim delay or surprise as the issue of confirming the one fact being sought was requested early in the case in discovery, raised to the Court in the *ex parte* conference on May 19, 2022, likely then raised by the Court at the government's similar conference, raised in the request for Rule 17 subpoenas, and raised at the last pre-trial conference on August 29, 2022.

ARGUMENT

**I.      Mr. Grimes Has Complied with CIPA's Section 5 Notice Requirement**

As Mr. Grimes' counsel has repeatedly made clear, it does not seek to "question witnesses about the scope and content of intelligence collection related to this case," about "whether the USIC obtained information about any particular person," or about the "time, place, and nature of the government's ability to intercept" conversations from foreign officials. Gov't MIL at 9–10. All he is asking for is confirmation of a narrow fact: whether in any of the communications between or from UAE officials that were intercepted or reviewed by the government in the course of this investigation there is any mention of Mr. Grimes. To elicit this information at trial, Mr. Grimes' counsel does not need to, nor intends to, ask witnesses to "confirm[] or deny[] the existence of classified information" or discuss the scope or manner of collection. *Id.* at 1. The questions that would be asked of agents here are simple: As part of your investigation, you looked for materials that mentioned Mr. Grimes, correct? In all of the materials that the government reviewed in the course of its investigation, you are not aware of any communications from any UAE official directly to Mr. Grimes or between UAE officials about Mr. Grimes, correct?

As the government conceded at the pre-trial status conference, it collected and reviewed both classified and unclassified materials as part of its investigation. Aug. 29, 2022 Status Conf. Tr. at 10:8-9. Thus, as the Court observed, defense counsel's proposed line of inquiry would not necessarily implicate classified documents. *Id.* at 17:1-8. However, given the government's representations that it would, Mr. Grimes promptly filed a CIPA Section 5 notice on September 8, 2022. Dkt. No. 198.

The government claims that any notice at this point is untimely because it is less than 30 days prior to trial and Defendants were repeatedly advised prior to the notice deadline that the

6

specific requests at issue involved classified information. Gov't MIL at 11. The government has mischaracterized the procedural history of this issue. In reality, it was not until the pre-trial status conference, *less than 30 days before trial*, that (i) the Court denied Mr. Grimes' Rule 17 subpoenas, (ii) the government confirmed it would not agree to the stipulation that Mr. Grimes had been offering for months, and (iii) the government indicated its belief that the one fact being sought here—as opposed to the red herring requests that the government claims Mr. Grimes is seeking—may raise CIPA issues. Mr. Grimes promptly filed his notice the following week. Dkt. No. 198.

The *North* and *Badia* decisions that the government relies on are inapposite. In *United States v. Badia*, the defendant sought to "assert a defense of CIA involvement" and "examine witnesses at trial about CIA operations and methods," yet the defendant never issued a CIPA 5 notice (instead filing a motion to declare CIPA unconstitutional). 827 F.2d 1458, 1464–65 (11th Cir. 1987). In *United States v. North*, the defense obtained masses of classified material from the government yet refused, repeatedly, to provide a particularized CIPA Section 5 notice to the court identifying the records it intended to use at trial. 708 F. Supp. 389 (D.D.C. 1988). And, even so, the court did not preclude defendant from using during the trial any classified information in the documents obtained from the government. *Id.* at 398–99. Here, the defense has not received any CIPA materials from the prosecution and, as even the Court acknowledged, the one narrow issue that Mr. Grimes seeks to confirm could be addressed by agreement and without raising CIPA issues. What's more, unlike those cases, it was not until less than 30-days before trial that the government indicated its belief that Mr. Grimes' narrow request (as opposed to the specter of horrible that the government has conjured) would raise CIPA issues and Mr. Grimes promptly complied with Section 5 of CIPA, filing his Notice as soon as was possible given the government's posturing about the stipulation and the Court's ruling on the matter.

7

## II. The Requested Information is Germane to the Defense and Admissible

Confirmation that there are no direct communications to Mr. Grimes from UAE officials mentioned in the Superseding Indictment nor that he was mentioned in communications between those UAE officials that were reviewed in the course of this investigation is relevant and material to show that Mr. Grimes was not an agent of the UAE—which is the central issue concerning the charges against Mr. Grimes. Mr. Grimes will contend at trial that he never had a substantive discussion or meeting with any UAE official, that UAE officials likely did not know who he was, and that if they did, it was in the context of his being, at most, an intermediary for communications intended for his boss, Mr. Barrack. Evidence that Mr. Grimes' name was never referenced in any communication between UAE officials referenced in the Superseding Indictment in which actions or issues described in the Superseding Indictment are mentioned would be powerful evidence that Mr. Grimes neither knowingly, nor intentionally, became a foreign agent. Surely, the government would be quick to use any evidence that confirmed the opposite fact. The Court has acknowledged the probative value of this narrow fact. *See* July 28, 2022 Status Conf. Tr. at 22:23-23:9.

The government is skeptical that a lack of intercepted materials would be "powerful evidence" that Mr. Grimes was not an agent because there are other potential explanations for the lack of evidence, such as "an intelligence gap." Gov't MIL at 14. But that argument only goes to the weight of the evidence, which the government can dispute through its witnesses at trial, and not its admissibility. *See, e.g.*, *United States v. H & R Block, Inc.*, 831 F. Supp. 2d 27, 32 (D.D.C. 2011) (noting that "technical and methodological deficiencies" in a collection process generally go to the weight of the evidence, not its admissibility); *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 n.1 (2009) (gaps in the chain of custody of evidence normally go to the weight of the evidence rather than its admissibility) (quotation marks omitted). Regardless of whether the

8

government believes this would be "powerful evidence," Mr. Grimes has a Sixth Amendment right to present this evidence as part of his defense and with the hope that the jury will view this evidence far more charitably than the government, which seems far too dismissive of any evidence that is inconsistent with its theory of guilt.

The government contends that "the substantial volume of inculpatory electronic communications by and about Grimes produced in unclassified discovery tends to make it <u>more likely</u> that any theoretical lack of classified interceptions would be the result of a gap in collection, rather than proof that Grimes was not engaged in criminal conduct." Gov't MIL at 14. While the government has produced a substantial volume of discovery in this case, it is only "inculpatory" in the spin that the government seeks to put on ordinary email and text exchanges, and none is suggestive that anyone in the UAE government even knew of Mr. Grimes, let alone thought he was operating as an agent of the UAE in the United States. The defense challenges the government to point to a single communication between the UAE officials referenced in the Superseding Indictment that mentions Mr. Grimes or suggests that the UAE government was even aware of Mr. Grimes' existence, besides in the context of him being an intermediary for his boss.

<u>CONCLUSION</u>

Mr. Grimes respectfully requests that the Court deny the government's motion *in limine*.

Dated: September 11, 2022                          Respectfully submitted,
      New York, New York

/s/ *Abbe David Lowell*
| | |
|---|---|
| Abbe David Lowell | Sofia Arguello |
| Christopher D. Man | Johanna Rae Hudgens |
| WINSTON & STRAWN LLP | WINSTON & STRAWN LLP |
| 1901 L Street, NW | 200 Park Avenue |
| Washington, DC 20036 | New York, NY 10166 |
| ADLowell@winston.com | SArguello@winston.com |

(202) 282-5000 (ph)　　　　　　　　　　　　(212) 294-6700 (ph)
(202) 282-5100 (fax)　　　　　　　　　　　　(212) 294-4700 (fax)

*Counsel for Defendant Matthew Grimes*