UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
  UNITED STATES OF AMERICA,                               :
                                                          :  **ORDER**
                                                          :
            - against -                                   :  21-cr-371 (BMC)
                                                          :
                                                          :
                                                          :
  AL MALIK ALSHAHHI, *et al.*,                            :
                                                          :
                                      Defendants.         :
                                                          :
----------------------------------------------------------X

**COGAN**, District Judge.

Barrack's [341] request to admit excerpts of FBI agent phone records is denied. The Government's [334] motion to exclude this evidence is granted.

Barrack seeks to use this evidence to challenge the motives and conduct of the FBI and the U.S. Attorney's Office in investigating and bringing false statement charges against Barrack.[1] That argument is for the Court to consider, and should not be put before the jury.[2] See Fed. R. Crim. P. 12 ("The following defenses, objections, and requests must be raised by pretrial

---

[1] In his response to the Government's motion to exclude, Barrack contends that he is not accusing the Government of engaging in "criminal conduct." But counsel for Barrack has already made clear his intention for admitting the FBI phone records when he stated before the jury, "Then, after the first 302 is created, what happens is people within the FBI start looking at the situation and you're like, this is a weak case, we need to add additional false statements" and that "[w]hat ends up happening is that there's a frantic series of communications between you, your supervisors, and the prosecutors about what you can add to the 302 in order to make it look like Mr. Barrack made a false statement." Tr. 2735:4-14. These are allegations of criminal conduct. See 18 U.S.C. § 1519 ("Whoever knowingly alters, . . . falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department . . . shall be fined under this title, imprisoned not more than 20 years, or both.").

[2] The Court has already granted the Government's motion to preclude defendants from offering evidence or argument that the Government selectively targeted defendants for prosecution or otherwise acted with an improper motive. [Dkt. 226.] But this does not mean that Barrack is without means of challenging the false statement charges. As the Court held, Barrack is not precluded "from introducing evidence or argument that the Government's conduct, including its delay in bringing the charges and its failure to make a record, reduces the probative weight of its evidence regarding the false statement charges."

motion . . . including . . . selective or vindictive prosecution."); United States v. Guzman Loera, 24 F.4th 144, 161 (2d Cir. 2022) ("[C]laims of selective prosecution and outrageous Government conduct . . . must be decided by the trial court, not the jury."); United States v. Nunez-Rios, 622 F.2d 1093, 1098-99 (2d Cir. 1980) ("[T]he defense of outrageous Government conduct is not for the jury to consider, but must be decided by the trial court."). Because the records are not relevant to any issue properly before the jury, they are not admissible.

Alternatively, even if the jury were permitted to consider Barrack's argument, the limited probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. See Fed. R. Evid. 403. The probative value of the phone records is severely limited because the proffered factual record does not provide a basis for inferring that these phone records show the efforts of the FBI and the U.S. Attorney's Office to add meritless false statement charges to the Indictment. Barrack argues that this inference is warranted by Special Agent Warrant Chiu's text messages to AUSA Nathan Reilly that he wanted to "run though" the draft FD-302 memorandum with Reilly and the fact that some of the charged statements in the final FD-302 memorandum did not appear in the initial draft. But these facts – while relevant to Barrack's theory that the Government failed to maintain an accurate record of his statements during the interview – do nothing to support the speculative assertion that the FBI and the U.S. Attorney's Office colluded to fabricate a false record of Barrack's interview.

Admitting this evidence also presents an undue risk of unfairly prejudicing the Government, confusing the issues, and misleading the jury by asking the jury to speculate – without any basis in the factual record – as to whether changes in the FD-302 were the result of prosecutorial misconduct. This invites a real risk of improper jury nullification. See United

States v. Thomas, 116 F.3d 606, 615-16 (2d Cir. 1997) (noting "trial courts have the duty to forestall or prevent jury [nullification]"). Admitting the phone records also risks undue delay and wasting time by creating a mini-trial on the propriety of the prosecution's conduct when, again, such an inference of prosecutorial misconduct is not supported by the proffered evidence or the evidence in the record.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
October 21, 2022

3